# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

IN RE LESLIE TUNSTILL,

        Bankruptcy Case Number
        22-80874-CRJ-13

        Debtor,

LESLIE TUNSTILL,

        Plaintiff,

        Adversary Proceeding No.

v.

UPSTART NETWORK, INC.,
FINWISE BANK,

        Defendants.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Leslie Tunstill ("Tunstill"), makes the following allegations in her complaint against the Defendants, Upstart Network, Inc. ("Upstart") and FinWise Bank ("FinWise").

### Parties, Jurisdiction, and Nature of Action

1.      Tunstill is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on May 23, 2022. Upstart is a corporation organized and existing under the laws of the state of Delaware. FinWise is a corporation organized and existing under the laws of the state of Utah. At all times material to this complaint, Upstart and FinWise regularly and systematically conducted business in the state of Alabama, and, in particular, within that portion of the state of Alabama lying within this Court's district and division. Tunstill did business with Upstart and FinWise within this district and division, and it is these business transactions that give rise to this litigation.

2.      FinWise is listed as a creditor in the schedules filed by Tunstill.

3.      Despite having both notice and actual knowledge of the commencement of Tunstill's case, Upstart, on behalf of themselves and FinWise, contacted her by email in an attempt to collect a prepetition debt owed by Tunstill to Upstart and FinWise. The plaintiff asserts

that the correspondence was not for informational purposes, but had the sole intention of coercing payment from Tunstill. There being no other reason to contact the debtor regarding an unsecured debt.

4.       Tunstill brings this action to recover the actual damages she has sustained as a result of the defendants' willful violation of the automatic stay in this case and to recover punitive damages from the defendants for that violation.

5.       This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Tunstill's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Tunstill and the defendants.  Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

Further, Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

Additionally, the 11th Circuit in *Mantiply v. Horne* (*In re Horne*), 876 F.3d 1076 (11th Cir. 2017), held that nothing in the text of §362(k)(1) limits the scope of attorney's fees to solely ending the stay violation. Congress made sure to add that §362(k)(1)'s definition of "actual damages" includes costs and attorney's fees. See Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* ¶ 362.12[3] (16th Ed. 2014) [hereinafter *Collier*] ("Attorney's fees incurred in prosecuting an action to obtain full relief under the statute, including any entitlement to actual and punitive damages, is as much a part of the debtor's 'actual damages' as those incurred in stopping the stay violation."). Congress did not say those costs and attorney's fees were limited

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

to ending the stay violation, but rather spoke to a full recovery of damages including fees and costs incurred from violating the stay. This explicit, specific, and broad language permits the recovery of attorney's fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.

## Claim – Violation of the Automatic Stay

6.      Tunstill incorporates by reference the allegations in paragraphs one through five of this complaint.

7.      FinWise is listed as a creditor in Schedule F of the bankruptcy case filed by Tunstill.

8.      As a result of FinWise being listed as a creditor in the schedules filed by Tunstill, the defendants had both notice and actual knowledge of both the commencement of and all the proceedings in Tunstill's bankruptcy case. Financing though Upstart Network is issued by FinWise Bank.

9.      Pursuant to §362(a) of the Bankruptcy Code, the commencement of Tunstill's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Upstart and FinWise from attempting to collect from Tunstill any pre-petition obligation owed by Tunstill to Upstart and FinWise.

10.     11 U.S.C. §362(a)(6) states:

> **"(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The actions of Upstart and FinWise violate 11 U.S.C. §362 as set forth in this complaint.

11.     Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, Upstart, on behalf of themselves and FinWise, sent an email to Tunstill in an attempt to collect a pre-petition obligation owed by Tunstill to Upstart and FinWise. Tunstill filed Chapter 13 bankruptcy on May 23, 2022. The Bankruptcy Noticing Center sent electronic notice to Upstart on May 25, 2022 (See Exhibit 1 – BNC Certificate of Notice). After receiving electronic notice of the debtor's

bankruptcy case, Upstart, on behalf of themselves and FinWise, sent Tunstill an email in an attempt to collect a prepetition debt owed by Tunstill to Upstart and FinWise. The email was sent by Upstart to Tunstill on May 27, 2022. It states, among other things: "Your Upstart loan payment for FW1259973 is coming up. You have $38.60 due. You will need to log into your account and manually transfer payment from your Regions Bank checking." (See Exhibit 2 – Upstart-FinWise Email 5-27-22). The Plaintiff asserts that the emails were not for informational purposes, but were intended to coerce payment from her. There being no valid informational purpose to contact the debtor regarding an unsecured debt listed in her bankruptcy case.

12.     Tunstill has sustained injury and damage as a result of the defendants' violations of the automatic stay.

13.     The defendants' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14.     Under 11 U.S.C. §362(k)(1), Tunstill is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Upstart and FinWise for their willful and intentional violations of the automatic stay. The post-petition correspondence, after receiving electronic notice of Tunstill's bankruptcy from the Bankruptcy Noticing Center, strongly indicates that Upstart and FinWise do not have proper policies and procedures to avoid violating the automatic stay.

15.     Tunstill was emotionally distressed as a direct and proximate result of the defendants' behavior.

**WHEREFORE**, Tunstill asks this court to enter an order:

(A) Awarding Tunstill compensatory damages against Upstart and FinWise including the reasonable attorney's fees and costs incurred by Tunstill in the preparation and prosecution of this adversary proceeding;

(B) Awarding Tunstill punitive damages against Upstart and FinWise for their willful and intentional violation of the automatic stay, such damages being intended to instill in Upstart, FinWise, and other creditors due respect for this court and its orders and to deter them from taking similar action against Tunstill and similarly situated debtors in the future;

(C) Voiding the debt owed to Upstart and FinWise by Tunstill; and

(D) Granting Tunstill any additional or different relief this court deems appropriate.

Dated:  6/2/2022                                        Respectfully submitted,


                                                        /s/ *John C. Larsen*_____
                                                        John C. Larsen
                                                        Attorney for the debtor/plaintiff,
                                                        Leslie Tunstill

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com